**STATE ex REDDING v WEBSTER**

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1718. Decided Jan. 21, 1942.

D. H. Wysong, Dayton, for plaintiff. Jacobson & Durst, Dayton, for defendant.

### OPINION

By HORNBECK, J.

This is an action in habeas corpus seeking the discharge of Ethel C. Redding, who, it is claimed, is unlawfully imprisoned by the defendant.

Mrs. Redding was, on the 31st of July, 1941, before a Justice of the Peace, Harrison Township, Montgomery County, charged with assault and battery, found guilty and sentenced by the court to be imprisoned in the Work House of the city of Dayton for a period of six months from and including August 4, 1941, with certain exceptions, and to pay the costs of her prosecution. The court tried Mrs. Redding in the absence of a jury upon a written waiver, on which Mrs. Redding's name appeared in type followed by the signature of her attorney, thus reading, "Ethel Redding by Otterbein Creager, her attorney".

It is the claim of the plaintiff that the Justice had no jurisdiction to hear, determine and pronounce judgment on the charge against Mrs. Redding.

The defense interposes two propositions, the sustaining of either of which will require a dismissal of the petition. The first is, that the waiver was properly made under the statute. The second, that, though the waiver be irregular, the court had jurisdiction, the judgment was voidable and not void; that a review of the action of the court should be taken by an appeal and the question here raised can not be urged in the original action of habeas corpus.

Considering the defenses in reverse order, we find that the second is not well made. The Justice of the Peace Court is one of limited jurisdiction, the authority of which must be delegated by statute. Under the code the Justice of the Peace has jurisdiction to pronounce judgment on a charge of assault and battery, if, and when, the defendant executes a waiver, as contemplated by §13433-10 GC.

The general jurisdiction of the Justice is defined in §13422-2 GC and, as to such criminal cases therein included, he may inquire into the complaint and discharge or recognize the accused or otherwise dispose of the complaint as provided by law. (Emphasis ours). It then becomes necessary to determine what authority is provided by law to dispose of a complaint of assault and battery in the court of the Justice of the Peace.

Sec. 13422-3 GC sets forth eighteen classes of offenses as to which the Justice is given special jurisdiction but assault and battery is not included. The only section clothing the Justice with jurisdiction to try, without a jury and render judgment against, one accused of assault and battery is §13433-10 GC. The first part of the section relates to procedure wherein the accused

is brought before the Magistrate and there is no plea of guilty and provides generally that the Magistrate shall, upon inquiry. require the accused to enter into a recognizance to appear at a proper time before the proper court, or discharge him. Then follows the pertinent and controlling language of the section,

"If the offense charged is a misdemeanor, and the accused in a writing subscribed by him and filed before or during the examination, waive a jury and submit to be tried by the Magistrate, he may render final judgment." (Emphasis ours).

It thus becomes evident, that the Justice is entirely without jurisdiction to pronounce judgment against one accused of assault and battery, a misdemeanor, unless he waives a jury and submits to be tried to the Justice as contemplated by the section.

We, then, consider the first and determinative question in this case, namely, did the accused waive a jury "in writing subscribed by her"? If she did not, the writ should be allowed. Otherwise, it should be denied.

Plaintiff's claim is based upon two grounds. First, that she, herself, did not subscribe the waiver and second, that she did not authorize her attorney to sign for her.

Without setting forth the evidence upon this second proposition, we are satisfied to say, that under all the circumstances appearing, it is our judgment that the plaintiff can not be heard to say, that she did not know that she had a right to a jury and with this knowledge purposed to waive the right and thereby authorized her attorney to act for her in that respect.

This, then, brings us to the narrow question which must control our judgment, namely, does the statute require that the waiver be signed by the accused in her own handwriting, or, in some manner ordinarily recognized in law as constituting her personal signature. That is to say, by her mark or by someone holding the pen while she signed her name, her personal act, or, may her name be signed by her authorized agent, her attorney, in that relation.

An extended examination of cases in Ohio and throughout the United States has not enabled us to find any in point. So that the question becomes an original one.

"As a general proposition every person who is sui juris may appoint an agent for any purpose whatsoever; and this is no less true when he assumes to exercise a statutory right than it is in other cases." 2 Am. Jur. 19.

"A person who has capacity to affect his legal relation by the giving of consent has capacity to authorize an agent to act for him with the same effect as -if he were to act in person." 7 Am. Law Inst., Restatement, Agency, Paragraph 20.

"Whatever a party may do in his own proper person he may, in general, do by an agent lawfully appointed, and an agent may be appointed by parol to do anything which does not require the execution of a deed for his principal. He may be authorized by parol to make and sign contracts in writing, even contracts which are not binding upon his principal unless in writing signed by him."

White Eagle Laundry v Slawek (Sup. Ct. Ill.) 129 N. E. 754, citing 1 Parsons on Contract (9th Edition) *47, Story on Agency, ¶50; 2 Kent's Com. 613.

There is an exception to the general authority of an agent where the statute expressly provides the only method whereby he may affix the signature of his principal to an instrument, as in the chapter of the Ohio Code, relating to conveyances and encumbrances of real property. Sec. 8510 GC provides that the instruments therein mentioned must be signed by the grantor, mortgagor, etc. If such signing is to be

made by one other than grantor, mortgagor, etc., it is to be done by virtue of a power of attorney, as prescribed in §8512 GC.

It has been held in other jurisdictions that a deed will be binding, if the signature thereto is affixed by another in the presence and at the request, or with the express or implied authorization, of the grantor. 26 C. J. S. 226, citing cases from five states. But for the provision that conveyances affecting real estate, if signed by the maker thereof through another, must be under power of · attorney,. we are satisfied that the same holding would be made in Ohio as stated in the quoted text from 26 C. J. S. supra. There is no such limitation in the language of §13433-10 GC as is found by virtue of the provisions of §8512 GC.

Defendant cites **State ex rel v Baer et, Judges, 103 Oh St 585,** holding that "agreements, waivers and stipulations made by persons accused of crimes, or by their counsel in their presence, during the course of a trial for crime, are, after the termination of the trial, as binding and enforceable upon such persons as like agreements, waivers, and stipulations are upon parties to civil actions". This case is authority here, if, by the act of her counsel, plaintiff executed a waiver under the specific statute controlling. The syllabus of the cited case is, of course, considered in connection with the facts upon which it arose. Ordinarily, a waiver may be effective although it is not in writing, but we are satisfied that under the specific terms of the section under consideration, no waiver would be binding upon the accused if it was not in writing.

So that, we are remanded to the language of the statute, the full observance of which constitutes the waiver therein mentioned. A casual reading of the statute lends some support to the claim that it meant to limit the signing of the waiver to the accused only. But there is no other limitation than the languge itself, no provision of the statute is made setting forth the means whereby another may be authorized to sign for the accused. Upon a more careful consideration of the language of the statute,. we do not find any sufficient reason to hold that it was the manifest purpose of the framers of the law to preclude the application of the generally accepted rules of agency.

In this case, we are of opinion that plaintiff's attorney had actual authority to sign the waiver, though it may have been implied authority. She may not have understood the exact procedure necessary to dispense with the jury, nor, in terms expressly directed her attorney to sign her name: to a waiver, but she knew her rights and desires and upon conference with her attorney, and by and with his advice, decided that it was to her best interest to try her case to the Justice only. Her attorney, then, took the requisite steps to accomplish her purpose.

This, in our judgment, explains some of the apparent contradiction in the testimony. It may be that the term "waiver" was not expressly explained to plaintiff. Her counsel, who is an attorney of standing and repute, states unequivocally, in substance, that he explained all of plaintiff's rights to her, including her right to a jury, and that when he acted for her he was carrying out her purpose.

The purpose of this statute is plain. It is intended to make certain that an accused will not be tried in a Justice court upon a charge of misdemeanor, unless, with full knowledge of his right to a jury, he waives that right. To make this certain, the statute provides that the waiver shall be in writing and that it. shall be signed by the accused. We do not believe that it is so limited in its effect as to preclude a duly authorized attorney from signing the name of the accused to the waiver. We do not hesitate to say that it would be better practice, in all instances, to have the accused sign the waiver personally. When it is signed by the attorney, as in this case, if the signature is challenged, it becomes neces-

sary to determine that the █ attorney was authorized to sign the waiver for the accused, directly or by implication and the general authority of the attorney is insufficient.

**Hanaghan v State, 51 Oh St 24,** did not consider directly or indirectly the question here presented.

We hold that the waiver in the instant case was signed by the accused within the meaning of §13433-10 GC.

The writ will be denied.

BARNES, J., concurs.

GEIGER, PJ., Dissents.

I regret that I can not agree with my associates in their decision.

The opinion, written by Hornbeck, J., is so complete in its analysis of the facts incident to this case and the legal questions involved that further comment need not be made.

I do not believe that §13422-2 GC, when closely examined, sheds any light upon the controversy here presented.

Sec. 13433-10 GC, formerly §7147 R. S., is the only section involved. It is the chapter on "Preliminary Examination" by the Justice and provides that when there is no plea of guilty, the Justice shall inquire into the complaint and if it appears that an offense has been committed and that there is probable cause to believe the accused guilty, he shall order him to enter into a recognizance for his appearance at a proper time and before the proper court, otherwise he shall be discharged. The statute then provides,

"If the offense charged is a misdemeanor, and the accused in a writing subscribed by him and filed before or during the examination, waive a jury and submit to be tried by the magistrate, he may render final judgment."

Sec. 13433-9 GC provides the proceedings when the accused pleads **guilty** of a misdemeanor. By the provisions of that section if the plea of guilty is entered on the complaint of the party injured, the magistrate shall sentence him. If, however, the complaint is not made by the party injured and the accused pleads guilty, the magistrate shall require him to enter into a recognizance as provided when there is no plea of guilty. We refer to this because this matter has been commented upon in some of the decisions which we shall cite.

The only question before us is whether the Magistrate may render final judgment in a misdemeanor where the accused has not waived a jury and submitted to be tried by the Magistrate in a writing subscribed by him, but where such waiver is subscribed in writing by his attorney.

The majority is of the opinion that this provision of the statute is sufficiently complied with to give the Magistrate final jurisdiction by such written consent, signed not by the accused but by his attorney for him.

I shall be brief in stating my position and citing the authorities which I believe support the same.

**Simmons v State of Ohio, 75 Oh St 346,** holds that before the justice can acquire jurisdiction to hear the complaint and render final judgment in the case without the intervention of a jury, the accused must waive his right of jury trial and such waiver must clearly and affirmatively appear upon the record and can not be assumed or implied from the silence of the accused or from his failure to demand a jury. **Dailey v State, 4 Oh St 57,** and **Billigheimer v State, 32 Oh St 435,** distinguished.

The cases of **Dailey v State, 4 Oh St 57** and **Billigheimer v State, 32 Oh St 435,** provide that upon a plea other than guilty if the defendants do not demand a trial by jury the Magistrate may proceed to final judgment.

Crew, J., delivering the opinion of the Court in Simmons v State, supra, considers the statute which provides that if a trial by jury be not waived said justice shall proceed to secure the attendance of a jury, and states on page 350 that the provisions touching the impanneling of a jury are too

plain and too explicit to be mistaken and too positive in character to be disregarded and that the justice is without right or authority to render final judgment unless the accused "shall have first waived his right of jury trial". And on page 351:

"Waiver of such right by act of the party is not to be assumed unless his act clearly and necessarily involves such waiver."

The Judge points out that while under the provisions there under examination the waiver is not, as under the present section, formerly §7147 R. S., required to be "in a writing subscribed by him" yet the defendant is not to be deprived of his right to a trial by jury upon a mere implied or constructive waiver of such right, but his intention to waive must clearly and affirmatively appear and never be left to doubtful implication. And on page 353,

"The justice could not acquire jurisdiction by the mere assertion of it, and a jury not having been waived, he was without authority or right to hear and render final judgment in this case;"

The Court states that this conclusion is not in conflict with the other cases distinguished by the Court because in each of them the Court had jurisdiction "if the defendant did not demand a jury trial" and the Court proceeded at some length to distinguish those cases.

In the case of Hanaghan v State, 51 Oh St 24, the court holds that an examining magistrate is not authorized to pass sentence even on a plea of guilty except when the complaint is made by the party injured and further that a plea of guilty, though filed in writing, is not a waiver by the accused of his right of trial by jury. On page 28 Williams, J., delivering the opinion of the court says,

"At all events, to authorize the magistrate to render final judgment under §7147 (now §13433-10 GC) the case before him must be one which comes within its terms; that is, the accused must in writing, subscribed by him, waive a jury and submit to be tried by the magistrate, which is essentially a different thing from a plea of guilty. Such a plea may dispense with the necessity of an examination into the truth of the complaint against the accused, but it does not take away his right of trial by jury. The statute has required his express waiver in writing to deprive him of that, and like other penal statutes, cannot be enlarged by construction." (Emphasis ours).

In the case at bar there is some testimony in reference to the circumstances under which the waiver was signed by the attorney. The defendant herself stated that she did not know that her attorney was consenting to her trial by the justice of the peace without the intervention of a jury. On the other hand, her attorney, a reputable member of the Dayton Bar, testified definitely that he explained to the defendant the fact that, in his judgment under the conditions surrounding the case, it would be best to submit it to the justice without the intervention of a jury. He states definitely that the defendant knew that he was signing the waiver and the purpose for which it was signed.

We have no reason to doubt his statement of the matter. Nevertheless, the signing of the waiver by the attorney does not, in my judgment, meet the requirements of the statute. There was no legal waiver of a trial by jury and no legal conviction of the defendant by the justice without the intervention of a jury. I believe this view is supported by the cases cited, especially by that of Hanaghan v State, supra, wherein the court had under examination the provisions of the then existing statute, which is identical with the provisions of §13433-10 GC, which states positively the accused "must in writing subscribed by him waive a jury" etc. As a consequence, the conviction and sentence to the workhouse was without authority. It follows that the writ of habeas corpus should be allowed.